Case 7:19-cv-00299 Document 1-4 Filed on 08/23/19 in TXSD Page 1 of 6

Electronically Filed
7/17/2019 7:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

180011

CAUSE NO. C-3056-19-F

| | | |
|---|---|---|
| OMA LEE ESPINOZA | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OMA LEE ESPINOZA,** hereinafter sometimes referred to by name or as "Plaintiff" complaining of Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** hereinafter sometimes referred to by name or as "Defendant" and for Plaintiff's cause of action would respectfully show unto the Court the following:

I.

Discovery is intended to be conducted under Level 2 of *Texas Rule of Civil Procedure* 190.

II.

Plaintiff is a resident of Hidalgo County, Texas.

III.

Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** is a Foreign Insurance Company, duly licensed and authorized to engage in the insurance business in the state of Texas and engaged in the insurance business in Texas. Service of citation on this Defendant may be had by serving its Attorney for service:

Corporation Service Company
c/o State Farm Mutual Automobile Insurance Company
211 E. 7th St. Ste. 620
Austin, Texas 78701-3218

Case 7:19-cv-00299 Document 1-4 Filed on 08/23/19 in TXSD Page 2 of 6

Electronically Filed
7/17/2019 7:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3056-19-F

**IV.**

Plaintiff sustained the bodily injuries hereinafter described as a direct and proximate result of the negligence of the underinsured driver, Oscar Escobedo, II, as more particularly alleged below. At the time of the collision with the underinsured driver Oscar Escobedo, II, Plaintiff was protected against loss caused by bodily injury and property damage and resulting from the ownership, maintenance or use of an underinsured motor vehicle by a policy of insurance issued by the Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, said policy bearing number 75 2908-B02-53L.

**V.**

Venue is proper in Hidalgo County on the basis of Sec. 15.016 of the Civil Practice and Remedies Code and Sec. 1952.110 of the Insurance Code. Sec. 15.016 states that an action governed by any other statute prescribing mandatory venue shall be brought in the county required by that other statute. Sec. 1952.110 of the Insurance Code states that an action against an Insurer in relation to Underinsured Motorist Coverage may be brought only in the county in which the policyholder or beneficiary instituting the suit resided at the time of the collision or in the county in which the collision involving the Underinsured Motor vehicle occurred. Plaintiff was a resident of Hidalgo County, Texas at the time of the collision made the basis of this lawsuit occurred. Therefore, under Sec. 1952.110 and Sec. 15.002, venue is proper in Hidalgo County, Texas.

**VI.**

On or about the 17th day of January, 2018, Plaintiff **OMA LEE ESPINOZA** was operating a 2013 Lincoln automobile in a safe and lawful manner and was traveling northbound around the 100 block of South McColl Road, in the City of McAllen, Hidalgo County, Texas. At that time and place, the Underinsured driver, Oscar Escobedo, II was

Case 7:19-cv-00299 Document 1-4 Filed on 08/23/19 in TXSD Page 3 of 6

Electronically Filed
7/17/2019 7:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3056-19-F

operating a 2012 Mazda automobile and was also traveling northbound around the 100 block of South McColl Road, directly behind the Plaintiff. Suddenly, unexpectedly and without warning, the Underinsured driver Oscar Escobedo, II, negligently failed to control his speed, negligently failed to maintain an assured clear distance, negligently failed to keep a proper look out and negligently struck Plaintiff **OMA LEE ESPINOZA'S** vehicle from behind. These negligent actions on the part of Underinsured driver Oscar Escobedo, II proximately caused the collision in question and the resulting injuries and damages sustained by the Plaintiff, for which the Plaintiff now seeks recovery.

**VII.**

On the occasion in question, the Underinsured driver Oscar Escobedo, II, operated the 2012 Mazda automobile in a negligent manner and violated the duty which he owed to the Plaintiff **OMA ESPINOZA**, to exercise ordinary care in the operation of a motor vehicle in one or more of the following particulars:

a. In failing to maintain such a lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

b. In failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

c. In failing to apply the brakes to his vehicle in order to avoid the collision in question;

d. In driving his vehicle at a rate of speed which is greater than that which an ordinary prudent person would have driven under the same or similar circumstances;

e. In driving his vehicle at a rate of speed greater than is reasonable and prudent under the conditions then existing. Such omission is a violation of Sec. 545.351(a)(1), Texas Transportation Code, and constitutes negligence per se;

f. In driving his vehicle at a rate of speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards than existing. Such omission is a violation of Sec. 545.351(b)(1), Texas Transportation Code, and constitutes negligence per se;

Case 7:19-cv-00299 Document 1-4 Filed on 08/23/19 in TXSD Page 4 of 6

Electronically Filed
7/17/2019 7:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3056-19-F

 g. In failing when following another vehicle to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person that is on or near the highway. Such omission is a violation of Sec. 545.062(a), Texas Transportation Code, and constitutes negligence per se;

 h. In driving in willful or wanton disregard for the safety of persons or property. Such omission is a violation of Section 545.401, Texas Transportation Code, and constitutes negligence per se;

 i. In failing to take proper evasive action to avoid the collision in question; and

 j. In using a wireless communication device while driving.

Each of these acts and omissions, singularly or in combination with others, constituted negligence, and such negligence was a proximate cause of the occurrence made the basis of this cause of action and Plaintiff's resulting injuries and damages as described below.

## VIII.

As a result of the negligent conduct of the Defendant, Plaintiff **OMA LEE ESPINOZA** has sustained the following damages in the past:

 a. Loss of physical capacity.

 b. Loss of earning capacity.

 c. Pain and suffering.

 d. Mental anguish.

 e. Reasonable and necessary medical expenses.

## IX.

As the result of the negligent conduct of Defendant, Plaintiff **OMA LEE ESPINOZA** will, in reasonable probability, suffer the following damages in the future:

 a. Reasonable and necessary medical expenses.

 b. Mental anguish.

 c. Pain and suffering.

Case 7:19-cv-00299 Document 1-4 Filed on 08/23/19 in TXSD Page 5 of 6

Electronically Filed
7/17/2019 7:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3056-19-F

    d.    Loss of earning capacity.

    e.    Loss of physical capacity.

## X.

The motor vehicle driven by the Underinsured driver Oscar Escobedo, II, and causing Plaintiff's damages as described above, was at all times material to this action an "underinsured motor vehicle" as that term is defined in the policy of insurance issued by the Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** said policy bearing number 752908B0253L. Plaintiff has fully complied with all terms of the insurance policy as a condition precedent to bringing this suit. Nevertheless, Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** still fails and refuses to adequately compensate Plaintiff for her damages as Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** is contractually required to do.

## XI.

As required by Rule 47(b), *Texas Rules of Civil Procedure*, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3), *Texas Rules of Civil Procedure*, Plaintiff's counsel states that Plaintiff seek monetary relief, the maximum of which is over $100,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

## XII.

Plaintiff seeks prejudgment interest at the maximum rate allowed by law.

## XIII.

Plaintiff seeks postjudgment interest at the maximum rate allowed by law.

**C-3056-19-F**

Case 7:19-cv-00299   Document 1-4   Filed on 08/23/19 in TXSD   Page 6 of 6

Electronically Filed
7/17/2019 7:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**XIV.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** be cited to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment for her damages as hereinabove set forth, together with costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**ORENDAIN & DOMINGUEZ**
Attorneys and Counselors at Law
320 South 8TH Street
McAllen, Texas  78501
Tel    (956) 683-0111
Fax    (956) 631-2653

By: _____
**ABEL A. ORENDAIN**
State Bar No. 15301650
orendain@odlawfirm.com
aorendain1@gmail.com
**ERNESTO J. DOMINGUEZ**
State Bar No. 05966340
**NATASHA R. MARTINEZ**
State Bar No. 24091715
natasha@odlawfirm.com

**ATTORNEYS FOR THE PLAINTIFF,
OMA LEE ESPINOZA**