IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OMA LEE ESPINOZA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 7:19-CV-00299 |
| | § | JURY |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF STATE FARM CORPORATE REPRESENTATIVE AND DEPOSITION OF CLAIMS ADJUSTER, AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

TO THE UNITED STATES DISTRICT COURT JUDGE MICAELA ALVAREZ:

COMES NOW, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant (hereinafter "State Farm") in the above-styled and numbered cause, and files this its Response to Plaintiff's Motion to Compel the Deposition of State Farm Corporate Representative and Deposition of Claims Adjuster, and Defendant's Motion for Protective Order, and in support thereof would respectfully show unto the Court as follows:

**I.     Case Background**

1. This is an underinsured motorist case. Plaintiff alleges injuries arising out of a motor vehicle accident that occurred on January 17, 2018. Trial is scheduled for September 21, 2020. Plaintiff has requested to depose a corporate representative and claims adjuster from State Farm, which Defendant has objected to. Plaintiff seeks to examine the representative of State Farm as to the following areas of inquiry:

a. The corporate representative(s) with the most knowledge regarding the damage sustained by all vehicles involved in the collision at issue in this lawsuit;

b. The corporate representative(s) with the most knowledge regarding whether Oscar Escobedo, II was an underinsured motorist at the time of the collision at issue in this lawsuit;

c. The corporate representative(s) with the most knowledge regarding whether Oscar Escobedo, II was driving an underinsured vehicle at the time of the collision at issue in this lawsuit;

d. The corporate representative(s) with the most knowledge regarding State Farm's contention that "Defendant denies that Plaintiff has complied with all conditions precedent to coverage under the applicable policy, nor have those conditions occurred or been performed, because Plaintiff has not show he (sic) is legally entitled to recover damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by a covered person."

e. The corporate representative(s) with the most knowledge regarding whether the term "underinsured motor vehicle" is correctly defined in the State Farm insurance policy at issue in this lawsuit;

f. The corporate representative with the most knowledge regarding State Farm's claims and defenses regarding Plaintiff's claims in this lawsuit;

g. The corporate representative(s) with the most knowledge regarding State Farm's contention that "it is entitled to an offset/credit for the payments made to Oma Lee Espinoza under the Personal Injury Protection coverage on the insurance policy in question";

h. The corporate representative(s) with the most knowledge regarding State Farm's contention that "any judgment rendered against Defendant should be reduced by an additional amount equal to payments made to Plaintiff under the Personal Injury Protection coverage.";

i. The corporate representative(s) with the most knowledge regarding State Farm's contention that "it denies each and every allegation contained in Plaintiff's Original Petition except as those expressly admitted";

j. The corporate representative(s) with the most knowledge regarding State Farm's contention that "Plaintiff's recovery of medical and healthcare expenses is limited to an amount actually paid or incurred by or on behalf of Plaintiff."

k. The corporate representative(s) with the most knowledge regarding State Farm's contention that "any recovery made by Plaintiff, Oma Lee Espinoza, for contractual benefits cannot exceed the State Farm policy limit applicable to this claim.";

l. The corporate representative(s) with the most knowledge regarding State Farm's contention that "it is entitled to an offset/credit for the liability policy limits of Oscar Escobedo, II";

m. The corporate representative(s) with the most knowledge regarding State Farm's contention that "any judgment rendered against Defendant should be reduced by an additional sum equal to the liability policy limits" of Oscar Escobedo, II;

n. The corporate representative(s) with the most knowledge regarding State Farm's contention that "Plaintiff recover nothing by her suit";

o. The types of automobile insurance Defendant offers, and what each type of policy covers;

p. The premiums paid by the Insured;

q. The contents, terms, and conditions of the automobile insurance policy that is the subject of this lawsuit and Defendant's opinions regarding Plaintiff's compliance or non-compliance with said terms and conditions;

r. All facts that support Defendant's defense that the occurrence or non-occurrence of all conditions precedent to recovery under the automobile insurance policy that is the subject of this lawsuit have not occurred;

s. All facts that support Defendant's legal theories and defenses; and

t. The amount and basis for the Defendant's valuation of the Plaintiff's damages.

2. For the reasons set forth below, Defendant objects to having to produce either the corporate representative or claims adjuster and seeks a protective order as to certain areas of inquiry identified in Plaintiff's Motion to Compel.

### II. Plaintiff seeks deposition testimony covering matters not relevant to a UIM claim or that could be addressed via a binding stipulation

3. Defendant objects to the following areas of inquiry, to the extent that these requests are irrelevant and are covered by stipulations State Farm has offered to make in this case. In section titled "What a Jury Should Know About UIM Coverage," the Fort Worth Court of Appeals provided a thorough examination of the issues a jury considers when presented with a UIM case.[1] In their analysis, the *Blevins* court relied heavily on a 2015 case of the Tyler Court of Appeals.[2] The *Blevins* court explained,

> Trials involving UIM coverage are unique in that before an insured like Blevins is entitled to any UIM benefits under his policy, he must first establish the other driver's negligence and his own damages. A party such as Blevins must only plead and prove that, at the time of the accident, he was protected by UIM coverage. It is only after an insured has obtained findings that the other motorist was negligent (or more negligent than the insured) and that he sustained damages that the trial court needs to take up the UIM issue.
>
>> Implicit in this rule is that, after the jury's verdict, one or both parties will present evidence to the court on UIM coverage limits, liability policy limits of the other motorist, and any other payments received by the insured for which the UIM carrier is entitled to credit. This information is necessary for the trial court to enter a judgment based on the issues answered by the jury and those the court determines as a matter of law.
>
> As a consequence, such evidence is "not relevant to the controversy resolved by the jury" and is "best heard at a hearing after the verdict . . . ."[3]

---

[1] *Blevins v. State Farm Mut. Auto. Ins. Co.,* 2018 Tex. App. Lexis 9344 (Tex. App.—Fort Worth 2018, pet. denied).
[2] *Liberty Mut. Ins. Co. v. Sims,* 2015 Tex. App. Lexis 12283 (Tex. App.—Tyler 2015, pet denied).
[3] *Blevins v. State Farm Mut. Auto. Ins. Co.,* 2018 Tex. App. Lexis 9344 at *35-37 (Tex. App.—Fort Worth 2018, pet. denied) (internal citations omitted).

4. The important point to note from *Sims* and *Blevins* is that claims adjusting, or the insurer's investigation of the claim, **are not issues in the UIM suit**. "The only issues a jury in a UIM contractual case should answer under these facts are liability and damages."[4] Under Texas law, before the UM/UIM carrier is liable for a claim for UM/UIM benefits, the Plaintiff must establish that the other driver (1) is in fact at fault for the accident, (2) that she is uninsured/underinsured, and (3) the extent of the resulting damages.[5] That is, Plaintiff must establish she sustained injuries and damages which she is legally entitled to recover from the owner or operator of an uninsured/underinsured motor vehicle.[6] There must be a legal determination of the just amount owed. This is the only condition precedent that Defendant contends Plaintiff has not met, and this defense has been adequately plead and disclosed in discovery responses. So, the categories over which the Plaintiff seeks to depose a corporate representative and claims adjuster either relate to irrelevant matters (investigation and claims handling), or matters that are either not challenged or cumulative or duplicative.[7]

5. So, for instance, Plaintiff's desire to know the types of auto insurance policies State Farm offers, or the premiums paid by the Plaintiff, or State Farm's opinions regarding Plaintiff's compliance with the policy, or State Farm's valuation of the Plaintiff's damages are simply not relevant to the underlying case.[8] This case, like *Mid-Century Ins. Co. v. McLain*, is "not about how the claim was handled but [is] about the liability of [the third-

---

[4] *Liberty Mut. Ins. Co. v. Sims,* 2015 Tex. App. Lexis 12283 at *25 (Tex. App.—Tyler 2015, pet denied).
[5] *See Henson v. Southern Farm Bureau Cas. Ins. Co.,* 17 S.W. 3d 652, 653 (Tex. 2000); *Franco v. Allstate Ins. Co.*, 505 S.W. 2d 789, 792 (Tex. 1974).
[6] *Brainard v. Trinity Universal Ins. Co.*, 216 S.W. 3d 809 (Tex.2006); *State Farm Mut. Auto. Ins Co. v. Nickerson*, 216 S.W. 3d 823 (Tex. 2006).
[7] *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i) and (iii).
[8] *See Pl's Mot. to Compel (Dkt. 26) p. 4-5.*

5

party driver] and the damages that resulted from the accident" between the plaintiff and third-party driver.[9] Insofar as the information requested has to do with how State Farm evaluated the claim is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at time of trial in a UM/UIM lawsuit where there are no extra-contractual allegations. Such discovery would constitute an impermissible and premature request for discovery related to potential extra-contractual claims. Moreover, inquiries into how State Farm investigated or valuated the claim would also violate the work product privilege in that the topics on which information is requested are not limited to a time period before the anticipation of litigation.

6. Additionally, Plaintiff's requests for a corporate representative to offer testimony relating to legal conclusions is neither relevant nor admissible to this case.[10] It is well-accepted that "[g]eneral rules of contract interpretation and construction govern a court's review of an insurance policy."[11] If a contract is unambiguous as a matter of law, then it is error to submit the unambiguous provision to the fact finder.[12] There being legal precedent for the propositions that (1) State Farm is entitled to offsets and credits in this case, and that (2) healthcare expenses are limited to those incurred (as opposed to merely billed), and that (3) the plaintiff's contractual benefits cannot exceed the policy's limits, it is unnecessary to depose a corporate representative on this issue.

---

[9] *Mid-Century Ins. Co. v. McLain,* 2010 Tex. App. Lexis 1719 at *17 (Tex. App.—Eastland 2010, no pet.).
[10] *See Pl's Mot. to Compel (Dkt. 26) p. 3-5.*
[11] *Liberty Mut. Ins. Co. v. Sims,* 2015 Tex. App. Lexis 12283 at *5 (Tex. App.—Tyler 2015, pet denied).
[12] *Id.*

### III. The information Plaintiff seeks is duplicative and obtainable via less burdensome means

7. Defendant has repeatedly made clear that the only challenged condition precedent in this case is that the Plaintiff has not shown that she is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle. To confirm the fact that State Farm is awaiting a jury determination on whether Oscar Escobedo, II, was negligent, and whether the Plaintiff's damages exceed Mr. Escobedo's insurance policy's limits, State Farm (as it has done in other cases) has offered to make stipulations in this case. State Farm's proposed Agreed Stipulations are attached hereto as Exhibit "1."

8. In the proposed document, State Farm offers to stipulate that the vehicle in question was insured at the time of the accident (with a policy that was in full effect); the Plaintiff is a covered person under the policy; the policy contained underinsured motorist coverage of $100,000.0 per person, and a direct statement as to the credits and offsets claimed in this case.[13] On top of the stipulations made, State Farm has provided corroborating documentation. State Farm produced the policy itself, which is attached hereto as Exhibit "2." The Confirmation of Coverage pertaining to the policy (reflecting the underinsured limits of $100,000.00 per-person policy limits) is attached hereto as Exhibit "3," and was also produced to the Plaintiff. Mr. Escobedo's insurance declaration page (showing the applicable offset) was produced to the Plaintiff and attached as Exhibit "4." Similarly, the Plaintiff has a copy of Mr. Escobedo's settlement with the Plaintiff. That document is attached hereto as Exhibit "5." Plaintiff has also been provided documentation (1) reflecting the amount of benefits available under Personal Injury

---

[13] Ex. "1."

Protection (PIP), and (2) the exhaustion of said benefits. Those documents are attached hereto as Exhibits 6 and 7 respectively.

9. In essence, the only contested issue in this case is whether Mr. Escobedo was negligent, and the extent of any proximately caused damages to the Plaintiff. These are not areas in which a corporate representative or claims adjuster would be able to testify. If Plaintiff's purpose is simply to identify the existence of an applicable policy of insurance, then this request is duplicitous, as Defendant has already identified the coverage limits for the policy that was in effect at the time of the accident made the basis of this lawsuit and has produced the Plaintiffs' insurance policy in its entirety in State Farm's discovery responses and proposed stipulations. There is, therefore, good cause to protect State Farm from having to produce a corporate representative or claims adjuster from testifying when the only topics over which they would need to testify have already been established by less intrusive means.[14]

WHEREFORE, PREMISES CONSIDERED, DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY prays that the Court deny Plaintiff's Motion to Compel and grant Defendant's Motion for Protective Order, and for such other and further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

By: _____

---

[14] Fed. R. Civ. P. 26(b)(2)(C)(i).

                                              Guillermo Tijerina, Jr.
                                              State Bar No. 24056437
                                              Federal Bar No. 1149651
                                              Attorney in Charge

Of Counsel:
Vidaurri, Lyde, Rodriguez & Haynes, LLP
202 North 10th Avenue
Edinburg, Texas 78541
Telephone: 956-381-6602
Facsimile: 956-381-0725
Email: gtj-service@vlrhlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel on this the 19th day of June, 2020, as follows:

| *Via E-Service* | *Via E-Service* |
|---|---|
| Michael Cowen | Abel A. Orendain |
| Laura Pazin Porter | Orendain & Dominguez |
| Cowen Rodriguez Peacock | 320 S. 8th Street |
| 6243 IH-10 W, Ste. 801 | McAllen, TX 78501 |
| San Antonio, TX 78201 | |

                                              _____
                                              Guillermo Tijerina, Jr.