Case 7:19-cv-00299   Document 36   Filed on 07/28/20 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
July 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| OMA LEE ESPINOZA § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:19-cv-00299 |
| § | |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Motion to Compel Deposition of State Farm Corporate Representative Under Rule 30(b)(6) and Deposition of Claims Adjuster,"[1] Defendant's response,[2] and Plaintiff's reply.[3] The Court also considers "Defendant's Opposed Motion to Strike Plaintiff's Records and Affidavits Concerning Cost and Necessity of Services,"[4] Plaintiff's response,[5] and Defendant's reply.[6] After considering the motions, record, and relevant authorities, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel. The Court **GRANTS** Defendant's motion to strike.

### I. BACKGROUND

This is an underinsured motorist case. Plaintiff commenced this case in state court on July 17, 2019,[7] and Defendant removed to this Court on August 23, 2019.[8] Plaintiff alleges that, in January 2018, she and Oscar Escobedo, II were traveling northbound on South McColl Road

---

[1] Dkt. No. 26.
[2] Dkt. No. 29.
[3] Dkt. No. 30.
[4] Dkt. No. 28.
[5] Dkt. No. 32.
[6] Dkt. No. 33.
[7] Dkt. No. 1-4.
[8] Dkt. No. 1.

in McAllen, Texas, when Oscar Escobedo crashed into the back of her car.[9] Plaintiff claims underinsured motorist benefits from her automobile insurance policy issued by Defendant State Farm Mutual Automobile Insurance Company.[10]

This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(2) because Plaintiff is a resident of Texas and Defendant has its principal place of business in Illinois,[11] and Plaintiff seeks recovery over $100,000.[12]

## II. MOTION TO COMPEL DEPOSITION

Plaintiff seeks a court order to compel Defendant to produce its corporate representative and claims adjuster for deposition.[13] "Defendant objects to having to produce either the corporate representative or claims adjuster and seeks a protective order as to certain areas of inquiry identified in Plaintiff's Motion to Compel."[14]

Under Federal Rule of Civil Procedure 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Court "must" limit discovery that exceeds this scope.[15] Plaintiff seeks to depose Defendant's corporate representative under Federal Rule of Civil Procedure 30(b)(6),[16] which provides that, after notice and statement of the matters for examination, "[t]he named organization must then

---

[9] Dkt. No. 1-4 at 2–3.
[10] *Id.* at 5.
[11] Dkt. No. 5 at 2, ¶ 4.
[12] Dkt. No. 1-4 at 5 (citing TEX. R. CIV. P. 47(c)(3)).
[13] Dkt. No. 26 at 2–3, ¶ 3.
[14] Dkt. No. 29 at 4, ¶ 2.
[15] FED. R. CIV. P. 26(b)(2)(C)(iii).
[16] Dkt. No. 26 at 1.

designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization." Plaintiff argues that testimony from Defendant's corporate representative is relevant to issues of underinsured motorist coverage, Defendant's assessment of whether Oscar Escobedo, II caused the collision, the amount of Plaintiff's damages, and Defendant's defenses.[17] Plaintiff asserts that testimony from Defendant's claims adjuster is relevant to liability and damages.[18]

Defendant responds that, with respect to its corporate representative, Plaintiff is not entitled to deposition "testimony relating to legal conclusions [because it] is neither relevant nor admissible to this case."[19] Specifically, Defendant argues that issues of contractual interpretation are inappropriate subjects for a corporate representative.[20] Defendant also asserts that it only challenges Plaintiff's ability to show "that she is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle" and has offered to make stipulations relating to that issue.[21] Therefore, Defendant contends, "the only contested issue in this case is whether Mr. Escobedo was negligent, and the extent of any proximately caused damages to the Plaintiff. These are not areas in which a corporate representative or claims adjuster would be able to testify."[22] With respect to Defendant's claims adjuster, Defendant argues that the adjuster's investigation is irrelevant to issues in an underinsured motorist case and would violate the work

---

[17] *Id.* at 2–3, ¶¶ 5–6.
[18] *Id.* at 5, ¶ 8.
[19] Dkt. No. 29 at 6, ¶ 6.
[20] *Id.*
[21] *Id.* at 7, ¶¶ 7–8.
[22] *Id.* at 8, ¶ 9.

product privilege.[23] Defendant asserts that the Court should protect it from producing personnel to testify over topics that have been established by less intrusive means.[24]

Plaintiff replies that she is entitled to know Defendant's position on the negligence of Oscar Escobedo, II, and Plaintiff's damages before trial, and that unofficial stipulations are not a substitute for discovery.[25]

First, "State Farm's assurances that it will stipulate to these matters in the future is not a proper substitute for discovery."[26] The Court agrees with Plaintiff that Defendant's proffered stipulations are irrelevant to the discovery Plaintiff is entitled to until they are agreed and binding.[27] Although the Court must limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive,"[28] Plaintiff is not obligated to agree to Defendant's stipulations if Plaintiff believes they are inadequate.[29]

With respect to Defendant's corporate representative and claims adjuster, the Court holds that certain of the requested testimony is relevant to Defendant's defenses to liability, assessments of Plaintiff's damages, and position on whether Oscar Escobedo, II was negligent or liable. Plaintiff is entitled to evidence "relevant to any party's claim or defense."[30] "Information pertaining to liability and State Farm's defenses is relevant and properly discoverable, absent a showing of privilege or some other exemption."[31] "Without the opportunity to fully discover

---

[23] *Id.* at 5–6, ¶¶ 4–5.
[24] *Id.* at 8, ¶ 9 (citing FED. R. CIV. P. 26(b)(2)(C)(i)).
[25] Dkt. No. 30 at 2–3, ¶¶ 5–7.
[26] *In re Garcia*, No. 04-07-00173-CV, 2007 WL 1481897, at *2 (Tex. App.—San Antonio May 23, 2007, no pet.).
[27] *See* Dkt. No. 30 at 2–3, ¶ 7.
[28] FED. R. CIV. P. 26(b)(2)(C)(i).
[29] *See* Dkt. No. 29 at 7, ¶ 7.
[30] FED. R. CIV. P. 26(b)(1).
[31] *In re Luna*, No. 13-16-00467-CV, 2016 WL 6576879, at *7 (Tex. App.—Corpus Christi Nov. 7, 2016, no pet.).

information about State Farm's multiple defenses, [Plaintiff would be] effectively prevented from verifying or refuting those defenses."[32]

However, some of Defendant's objections are well-taken.[33] The Court will limit discovery outside the scope of relevancy.[34] The Court finds the following topics Plaintiff seeks to compel a deposition on are irrelevant and will not be permitted[35]:

- e. The corporate representative(s) with the most knowledge regarding whether the term "underinsured motor vehicle" is correctly defined in the State Farm insurance policy at issue in this lawsuit.
- o. The types of automobile insurance Defendant offers, and what each type of policy covers.

The Court finds the following topics too broad and disproportionate to the needs of the case under Rule 26(b)(1):

- f. The corporate representative with the most knowledge regarding State Farm's claims and defenses regarding Plaintiff's claims in this lawsuit.
- i. The corporate representative(s) with the most knowledge regarding State Farm's contention that "it denies each and every allegation contained in Plaintiff's Original Petition except as those expressly admitted."
- n. The corporate representative(s) with the most knowledge regarding State Farm's contention that "Plaintiff recover nothing by her suit."
- s. All facts that support Defendant's legal theories and defenses.

The Court finds that the following topics seek legal conclusions that are inappropriate for a deponent[36]:

- g. The corporate representative(s) with the most knowledge regarding State Farm's contention that "it is entitled to an offset/credit for the payments made to Oma Lee Espinoza under the Personal Injury Protection coverage on the insurance policy in question.

---

[32] *In re Garcia*, No. 04-07-00173-CV, 2007 WL 1481897, at *2 (Tex. App.—San Antonio May 23, 2007, no pet.).
[33] *See* Dkt. No. 29 at 5, ¶ 5 ("So, for instance, Plaintiff's desire to know the types of auto insurance policies State Farm offers, or the premiums paid by the Plaintiff . . . are simply not relevant to the underlying case.").
[34] *See* FED. R. CIV. P. 26(b)(2)(C)(iii) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1).").
[35] *See* Dkt. No. 26 at 3–5 (listing topics).
[36] *See Liberty Mut. Ins. Co. v. Sims*, No. 12-14-00123-CV, 2015 WL 7770166, at *2 (Tex. App.—Tyler Dec. 3, 2015, no pet.) (holding that questions of contractual interpretation are legal questions for the court).

h.  The corporate representative(s) with the most knowledge regarding State Farm's contention that "any judgment rendered against Defendant should be reduced by an additional amount equal to payments made to Plaintiff under the Personal Injury Protection coverage.
j.  The corporate representative(s) with the most knowledge regarding State Farm's contention that "Plaintiff's recovery of medical and healthcare expenses is limited to an amount actually paid or incurred by or on behalf of Plaintiff."
k.  The corporate representative(s) with the most knowledge regarding State Farm's contention that "any recovery made by Plaintiff, Oma Lee Espinoza, for contractual benefits cannot exceed the State Farm policy limit applicable to this claim."
l.  The corporate representative(s) with the most knowledge regarding State Farm's contention that "it is entitled to an offset/credit for the liability policy limits of Oscar Escobedo, II."
m.  The corporate representative(s) with the most knowledge regarding State Farm's contention that "any judgment rendered against Defendant should be reduced by an additional sum equal to the liability policy limits" of Oscar Escobedo, II.

Accordingly, the Court **DENIES** Plaintiff's motion to compel[37] to the extent it seeks to compel a deposition on the foregoing topics.

Lastly, Defendant captioned its response brief, in part, "Defendant's Motion for Protective Order."[38] However, Defendant's brief fails to "include [the required] certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[39] In addition, a response brief is not an appropriate place to move for a protective order. "A request for a court order must be made by [independent] motion" setting forth the movant's arguments and authorities for the requested relief.[40] Defendant's brief paragraph arguing for protection for its personnel "from testifying" does not satisfy this standard.[41]

---

[37] Dkt. No. 26.
[38] Dkt. No. 29.
[39] FED. R. CIV. P. 26(c)(1).
[40] FED. R. CIV. P. 7(b)(1); LR7.1.B (requiring opposed motions to include authority).
[41] Dkt. No. 29 at 8, ¶ 9.

Defendant's motion for protective order is **DENIED**.[42] The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel.[43] The Court **ORDERS** Defendant to produce a corporate representative, whether it be the claims adjuster or some other individual for deposition on the topics not excluded by this order. The parties shall coordinate the time and date for deposition(s) with reasonable notice in light of the current COVID-19 pandemic.

### III. MOTION TO STRIKE AFFIDAVITS

Defendant moves to "strike Plaintiff's Records and Affidavits Concerning Cost and Necessity of Services."[44] Defendant explains that, on April 20, 2020, Plaintiff served Defendant with her designation of expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2), which included an affidavit and billing records from the Rio Grande Valley Orthopedic Center relating to Plaintiff's injuries.[45] By serving the affidavit, Plaintiff was attempting to invoke Texas Civil Practice and Remedies Code § 18.001 to establish Plaintiff's damages.[46] Section 18.001 enables a plaintiff to serve an affidavit averring "that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary," because such an affidavit under Texas law "is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary."[47] In the instant motion, "Defendant seeks to have this Honorable Court strike Plaintiff's records and affidavits on the grounds that Texas Civil Practice and Remedies Code §18.001 is purely procedural and it directly collides" with applicable federal rules.[48] Plaintiff responds that she could have availed of § 18.001 in state court to "prove up the medical bills

---

[42] Dkt. No. 29.
[43] Dkt. No. 26.
[44] Dkt. No. 28 at 2.
[45] *Id.* at 1, ¶ 1.
[46] Dkt. No. 32 at 1, ¶ 1.
[47] TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (West 2020).
[48] Dkt. No. 28 at 2, ¶ 2.

incurred by Plaintiff, as reasonable and necessary," and because there "is not a substantially similar federal law or federal rule of evidence that conflicts with this state law provision providing a less burdensome way to prove up the medical bills," Plaintiff requests that the Court grant leave to permit her to invoke § 18.001 to submit affidavits "to authenticate and prove up medical expenses as reasonable and necessary."[49] Both parties' briefs call up a fiery history of disagreement among Texas federal district courts, in which some judges have rejected attempts to invoke § 18.001 in federal court,[50] other judges have permitted the invocation of § 18.001 in federal court,[51] and at least one judge has even been on both sides.[52] Obviously, the parties prefer that the Court now side with those opinions that support them.[53] "[A]lthough district courts have grappled with the issue, the Fifth Circuit has yet to answer whether Section 18.001 applies in federal diversity cases."[54] Because no particular district court opinion is binding,[55] this Court now stakes out its position in the debate on the application of § 18.001 in federal court.

This Court is sitting in diversity jurisdiction under 28 U.S.C. § 1332(a)(2). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."[56] Federal procedural law includes the Federal Rules of Civil Procedure and the Federal Rules of Evidence.[57] The Court ordinarily analyzes whether to apply state or federal law

---

[49] Dkt. No. 32 at 3, ¶ 4.
[50] *See* Dkt. No. 28 at 3, ¶¶ 5–6.
[51] *See* Dkt. No. 32 at 2, ¶ 2.
[52] Dkt. No. 33 at 7–8, ¶¶ 14–15. *Compare Bowman v. Cheeseman, LLC*, 2014 WL 11515575 (N.D. Tex. Dec. 9, 2014) (Godbey, J.), *with Davila v. Kroger Tex., LP*, No. 3:19-CV-2467-N, 2020 U.S. Dist. LEXIS 82193 (N.D. Tex. 2020) (Godbey, J.).
[53] *E.g.*, Dkt. No. 32 at 4, ¶ 8; Dkt. No. 33 at 14, ¶ 28.
[54] *Grover v. Gov't Emps. Ins. Co.*, No. SA-18-CV-00850-FB, 2019 WL 2329321, at *2 (W.D. Tex. May 31, 2019) (Chestney, M.J.).
[55] *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 LAWRENCE B. SOLUM, MOORE'S FEDERAL PRACTICE – CIVIL § 134.02[1][d] (3d ed. 2011)) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").
[56] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).
[57] *See Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993).

under the *Erie* doctrine, but "when a party has alleged a direct conflict between the Federal Rules and state law, . . . an additional step precedes the *Erie* analysis."[58] Before analyzing the *Erie* doctrine at all, "[t]he initial step is to determine whether, when fairly construed, the scope of [the federal Rule] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law."[59] A direct collision can occur between state and federal law even when the federal law's "discretionary mode of operation" conflicts with nondiscretionary state law, in which case federal law will apply.[60] In other words, when the federal rules answer a "disputed question differently" than state rules, the federal rule prevails.[61]

Almost all the district court cases confronting the potential application of § 18.001 in federal court skip the initial analytical step to assess whether § 18.001 collides with federal rules.[62] A March 2019 opinion by District Judge Randy Crane of the Southern District of Texas was evidently the first to conclude that § 18.001 does collide with federal rules, thus preventing its application in federal court.[63] An August 2019 opinion by Magistrate Judge John Kazen, also out of the Southern District of Texas, agreed that Judge Crane's opinion was the first to confront

---

[58] *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011).
[59] *Id.* (internal quotation marks omitted) (quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987)).
[60] *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 297 (5th Cir. 2016) (quoting *Burlington N. R.R. Co.*, 480 U.S. at 7–8)).
[61] *Id.*; *cf. Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) ("Because the [Texas statute's] burden-shifting framework imposes additional requirements beyond those found in [federal] Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court.").
[62] *Compare Grover v. Gov't Emps. Ins. Co.*, No. SA-18-CV-00850-FB, 2019 WL 2329321, at *2 (W.D. Tex. May 31, 2019) (discussing whether § 18.001 is procedural or substantive and concluding that it is substantive), *with Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (discussing whether § 18.001 is procedural or substantive and concluding that it is procedural); *see Rodriguez v. Liberty Mut. Ins.*, No. SA-17-CV-928-XR, 2018 U.S. Dist. LEXIS 171413, at *3–4 (W.D. Tex. Oct. 3, 2018) (collecting cases).
[63] *See Resendez v. Navarro*, No. 7:18-cv-14 (S.D. Tex. Mar. 19, 2019), Dkt. No. 41 at 4–5. The Court commends Attorney Glenn D. Romero, who appears to have been the first to raise this direct collision argument in federal court.

the direct collision argument and found his analysis "persuasive" and "unavoidable."[64] This Court now joins this emerging consensus and holds that § 18.001 does not apply in federal court.

> As explained by the Texas Court of Appeals,
>
> Section 18.001 is an evidentiary statute that accomplishes three things: (1) it allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges that would otherwise be inadmissible hearsay; (2) it permits the use of otherwise inadmissible hearsay to support findings of fact by the trier of fact; and (3) it provides for exclusion of evidence to the contrary, upon proper objection, in the absence of a properly-filed controverting affidavit.[65]

Indeed, "[a]n affidavit filed in compliance with section 18.001 is an exception to the hearsay rule."[66] However, "Rule 802 of the Federal Rules of Evidence prohibits the introduction of hearsay as evidence in federal court unless otherwise provided by a federal statute, the federal rules of evidence, or other rules prescribed by the Supreme Court."[67] Because § 18.001 "makes admissible a form of evidence otherwise barred by Federal Rule of Evidence 801 [and 802] and not admissible under any hearsay exception," the Texas statute directly conflicts with the federal rules.[68] Accordingly, the Court holds that § 18.001 directly conflicts with Federal Rules of Evidence 801 and 802, which prevents application of § 18.001 in federal court.

Although this holding is independently a sufficient reason to deny application of § 18.001 in federal court, the Court also holds that § 18.001 conflicts with Federal Rules of Civil Procedure 26(a)(2) and 43(a). Federal Rule of Civil Procedure 43(a) requires a witness's testimony to be taken in open court, not by affidavit, "unless a federal statute, the Federal Rules

---

[64] *Graves v. Transportes de Carga Fema S.A. de C.V.*, No. 5:18-cv-88 (S.D. Tex. Aug. 29, 2019), Dkt. No. 99 at 4, *aff'd*, Dkt. No. 103 (Oct. 3, 2019) (Marmolejo, J.).
[65] *Wal-Mart Stores Tex., LLC v. Bishop*, 553 S.W.3d 648, 671–72 (Tex. App.—Dallas 2018, no pet.).
[66] *Gunn v. McCoy*, 489 S.W.3d 75, 101 (Tex. App.—Houston [14th Dist.] 2016), *aff'd*, 554 S.W.3d 645 (Tex. 2018).
[67] *Ruelas v. W. Truck & Trailer Maint., Inc.*, No. PE:18-CV-00002-DC-DF, 2019 U.S. Dist. LEXIS 230771, at *5 (W.D. Tex. Sep. 5, 2019) (Fannin, M.J.).
[68] *Davila v. Kroger Tex., LP*, No. 3:19-CV-2467-N, 2020 U.S. Dist. LEXIS 82193, at *5 (N.D. Tex. May 8, 2020); *accord Holland v. United States*, 3:14-CV-3780-L, 2016 U.S. Dist. LEXIS 192388, at *2 (N.D. Tex. July 21, 2016) (Lindsay, J.) ("Plaintiff's affidavits [under § 18.001] constitute hearsay pursuant to Federal Rule of Evidence 801 and do not fall under any applicable exception to the hearsay rule.").

of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Because an uncontroverted affidavit may be admitted into evidence[69] under § 18.001 and serve as "sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary," § 18.001 conflicts with the rule that testimony must be taken in open court.[70] If a § 18.001 affidavit *is* controverted, then the timelines for service strictly required under the statute[71] conflict with the timelines for disclosure set by Federal Rule of Civil Procedure 26(a)(2).[72] In other words, parties may be subject to a dual track of disclosures in which experts and expert reports must be disclosed under the federal rules on certain timelines before trial,[73] but battling expert affidavits must be disclosed on another timeline,[74] even though the subjects covered by the rules overlap. Furthermore, § 18.001 would directly collide with Federal Rule of Evidence 702 when a § 18.001 affidavit goes to the reasonableness and necessity of medical expenses, because Rule 702 requires expert qualifications and reliable methods to admit evidence on that subject[75] that are not required under § 18.001.

Plaintiff makes no argument to counter the foregoing analysis. All of Plaintiff's arguments relate to "whether the '*character* or result of litigation' will be altered according to

---

[69] *Gunn v. McCoy*, 489 S.W.3d 75, 102 (Tex. App.—Houston [14th Dist.] 2016) ("Where no counteraffidavit is filed, an affidavit presented in accordance with section 18.001 is admissible."), *aff'd,* 554 S.W.3d 645 (Tex. 2018).
[70] *See* FED. R. CIV. P. 46 advisory committee's note to 1937 amendment ("This rule abolishes in patent and trademark actions, the practice under [former] Equity Rule 48 of setting forth in affidavits the testimony in chief of expert witnesses whose testimony is directed to matters of opinion."); advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. . . . The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."); *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992) ("The primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses.").
[71] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(e)–(f) (West 2020).
[72] *See* FED. R. CIV. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders.").
[73] *See* FED. R. CIV. P. 26(a)(2)(D)(i).
[74] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(d)–(e).
[75] *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (requiring district courts to exercise a gatekeeping function for all scientific and expert testimony under Rule 702).

whether a federal or state rule is applied,"[76] which is generally the appropriate question under Supreme Court jurisprudence. Plaintiff ignores that, although *Hanna v. Plumer*[77] sets forth the test "for resolving conflicts between state law and the Federal Rules[,] [t]he initial step is to determine whether, when fairly construed, the scope of [the Federal Rules are] sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, *thereby leaving no room for the operation of that law*."[78] For the foregoing reasons, the Court holds that the federal rules conflict with § 18.001 and that § 18.001 therefore has no application in federal court.[79]

Accordingly, the Court **GRANTS** Defendant's motion to strike[80] and **STRIKES** Plaintiff's "Records and Affidavits Concerning Cost and Necessity of Services."[81]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 28th day of July 2020.

                                                  Micaela Alvarez
                                                  United States District Judge

---

[76] Dkt. No. 32 at 5–6, ¶¶ 10–11 (quoting *Hum v. Dericks*, 162 F.R.D. 628, 635 (D. Haw. 1995)).
[77] 380 U.S. 460 (1965).
[78] *Burlington N. R.R. v. Woods*, 480 U.S. 1, at 4–5 (1987) (emphasis added) (quotations omitted).
[79] *See Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 297 (5th Cir. 2016) (holding that federal rules answer a discovery question differently than a state statute, so the state statute does not apply in federal court); *cf. Ruelas v. W. Truck & Trailer Maint., Inc.*, No. PE:18-CV-00002-DC-DF, 2019 U.S. Dist. LEXIS 230771, at *7 (W.D. Tex. Sep. 5, 2019) ("[I]t is somewhat surprising that since the decision in [a 2011 Texas Supreme Court case], federal courts have continued to rely on [a 2006 Northern District of Texas case] in holding that § 18.001 can be applied in federal court.").
[80] Dkt. No. 28.
[81] *Id.* at 14.