United States District Court
Southern District of Texas
**ENTERED**
August 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OMA LEE ESPINOZA | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-cv-00299 |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability of the Underinsured Driver,"[1] Defendant's response,[2] and Plaintiff's reply.[3] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

This is an underinsured motorist case. Plaintiff alleges that in January 2018 she and Oscar Escobedo, II were traveling northbound on South McColl Road in McAllen, Texas when Oscar Escobedo crashed into the back of her car.[4] Plaintiff claims underinsured motorist benefits from her automobile insurance policy issued by Defendant State Farm Mutual Automobile Insurance Company.[5] Plaintiff alleges that Defendant "still fails and refuses to adequately compensate Plaintiff for her damages as Defendant . . . is contractually required to do."[6]

### II. DISCUSSION

#### a. Legal Standard

---

[1] Dkt. No. 31.
[2] Dkt. No. 34.
[3] Dkt. No. 35.
[4] Dkt. No. 1-4 at 2–3.
[5] *See* Dkt. No. 36 at 1–2 (citing Dkt. No. 1-4 at 2–5).
[6] Dkt. No. 1-4 at 5.

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.[8]

To earn summary judgment, the movant must demonstrate that there are no disputes over genuine and material facts and that the movant is entitled to summary judgment as a matter of law.[9] "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."[10] The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[11] In other words, a movant may satisfy its burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element at trial.[12] To demonstrate the absence of a genuine dispute of material fact, the movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony[13] and must "articulate precisely how this evidence supports his claim."[14] If the movant

---

[7] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[9] *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).

[10] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986), *quoted in Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *accord Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (holding that, if the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements").

[11] *Lynch Props. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

[12] *Celotex Corp.*, 477 U.S. at 325; *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.").

[13] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to

fails to meet its initial burden, the motions for summary judgment "must be denied, regardless of the nonmovant's response."[15] Accordingly, the Court may not enter summary judgment by default,[16] but may accept a movant's facts as undisputed if they are unopposed.[17]

If the movant meets its initial burden, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts" that demonstrate the existence of a genuine issue for trial.[18] The nonmovant's "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment."[19] The nonmovant is "*required* to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[20] "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists."[21] The nonmovant's demonstration cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation"[22] and a "mere scintilla of evidence" also will not do.[23] "That is, the nonmoving party must adduce evidence sufficient to support a jury verdict."[24]

---

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

[14] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[15] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).

[16] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

[17] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see* LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition").

[18] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.").

[19] *RSR Corp.*, 612 F.3d at 857.

[20] *Ragas*, 136 F.3d at 458 (emphasis added).

[21] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006); *see Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quotation and alteration omitted) ("When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case.").

[22] *United States ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

"A fact is 'material' if its resolution could affect the outcome of the action,"[25] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[26] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[27] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[28] The Court does not weigh the evidence or evaluate the credibility of witnesses and views all facts and inferences in the light most favorable to the nonmovant,[29] including "resolv[ing] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[30] The Court will draw only *reasonable* inferences in the nonmovant's favor and will not countenance "senseless" theories or leaps in logic.[31] The Court is under no duty to sift through the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[32] The Court does not "assume in the absence of any proof … that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[33]

**b. Analysis**

---

[23] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *accord Germain v. US Bank Nat'l Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).

[24] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[25] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).

[26] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[28] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).

[29] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).

[30] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

[31] *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 468–69 & n.14 (1992).

[32] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).

[33] *Boudreaux*, 402 F.3d at 540 (quotation omitted) (emphasis in original).

Plaintiff's claim is for underinsured motorist (UIM) benefits.[34] Uninsured or underinsured motorist coverage is part of an insurance policy that "protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles damages for bodily injury" resulting from a motor vehicle.[35] "To recover benefits under an uninsured motorist policy, a policy beneficiary must show (1) that the insured has underinsured motorist coverage, (2) that the underinsured motorist negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the underinsured motorist's insurance coverage is deficient."[36] Plaintiff seeks summary judgment on the second element of a UIM claim "as to the liability or fault of Oscar Escobedo, II, for the collision at issue, as there is no evidence of anyone or anything being the cause of the collision in this case, other than Oscar Escobedo, II."[37] As this Court recently held:

> "Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage." UIM insurance policies differ from first-party insurance policies in that the benefits derived from them are "conditioned upon the insured's legal entitlement to receive damages from a third party [tortfeasor]." Thus, in order to recover the benefits of a UIM policy, the insured is required to prove his or her "legal entitlement" to receive damages from the third-party tortfeasor who caused the accident.[38]

Plaintiff thus seeks summary judgment on this element and resolution of tort law.

In support of Plaintiff's motion, Plaintiff points to a crash report and Plaintiff's own deposition to establish that Oscar Escobedo, II negligently hit her vehicle.[39] Plaintiff's motion concludes that "[a]s Escobedo violated the law and failed to drive as a reasonable and prudent

---

[34] Dkt. No. 1-4 at 2 (citing TEX. INS. CODE ANN. § 1952.110 (West 2020)).

[35] TEX. INS. CODE ANN. § 1952.101(a) (West 2020).

[36] *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

[37] Dkt. No. 31 at 3, ¶ 13; *accord* Dkt. No. 34 at 3, ¶ 6 ("Plaintiff's motion for partial summary judgment relates to the second element—that there is no genuine issue that Non-party Escobedo negligently caused the accident.").

[38] *Garza v. Allstate Fire & Cas. Ins. Co.*, No. 7:19-cv-129, 2020 WL 3077596, at *3, 2020 U.S. Dist. LEXIS 101689, at *5–6 (S.D. Tex. June 10, 2020) (Alvarez, J.) (alteration in original) (footnotes omitted) (quoting *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006)).

[39] Dkt. No. 31 at 2–3, ¶¶ 3–12.

driver, he was the sole cause of the collision on January 17, 2018, and Plaintiff should be granted summary judgment on the issue of liability."[40] Defendant responds that "the evidence does not—as a matter of law—conclusively establish that he was negligent. While a jury could very well believe that Mr. Escobedo's driving *caused* the accident, a jury might not necessarily believe that Mr. Escobedo's actions amounted to negligence."[41] Plaintiff replies that the evidence conclusively establishes Oscar Escobedo, II failed to control his speed and negligently injured Plaintiff.[42] The Court turns to the merits.

The success of Plaintiff's case relies on establishing a negligence cause of action against Oscar Escobedo, II.[43] "Under Texas law, '[t]he elements of a negligence cause of action are [1] the existence of a legal duty, [2] a breach of that duty, and [3] damages proximately caused by the breach.'"[44] "To establish a breach of duty, a plaintiff must show that a defendant either did something an ordinarily prudent person exercising ordinary care would not have done under the circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care."[45] "A defendant's negligence will constitute a proximate cause of a plaintiff's injuries when such negligence was the actual cause of the injuries, and the injuries were a foreseeable result of the negligence."[46] Foreseeability requires that the injury might reasonably have been anticipated as a matter of practicality and common

---

[40] *Id.* at 5, ¶ 17.

[41] Dkt. No. 34 at 2, ¶ 3.

[42] *See* Dkt. No. 35 at 4–5, ¶¶ 9–13.

[43] *Garza v. Allstate Fire & Cas. Ins. Co.*, No. 7:19-CV-129, 2020 WL 3077596, at *3 (S.D. Tex. June 10, 2020) (quoting *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006)) ("[T]he Texas Supreme Court held that for an insured to prove his or her 'legal entitlement' to recover damages from a third-party tortfeasor, the insured must first obtain a *judgment* 'establishing the liability and underinsured status of the [third-party] motorist.' The court held that receiving a judgment establishing legal entitlement is the only way to definitively prove a contractual obligation on the part of the insurer to pay the benefits of the UIM policy.").

[44] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (quoting *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).

[45] *Id.* at 541 (citing *Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied)).

[46] *Id.* (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 118–19 (Tex. 1996)).

experience.[47] "Ordinarily, the fact that a collision occurred, standing alone, does not prove negligence as a matter of law."[48] Plaintiff's invocation of Texas Transportation Code § 545.351,[49] requiring motorists not to "drive a vehicle at a speed greater than is reasonable and prudent under the circumstances then existing," also does not relieve Plaintiff from proving negligence.[50] Establishing negligence and proximate cause in a crash case generally requires the Plaintiff to establish that "the accident could have been avoided."[51] For example, "[t]he failure to keep a proper lookout can be a proximate cause of an accident where the motorist should have seen something in time to have avoided the accident by evasive action and but for such failure the collision could have been avoided."[52] It is not enough that a crash occurred to establish negligence; to establish proximate cause, "[t]he evidence must go further, and show that such negligence was the proximate, and not the remote, cause of resulting injuries. . . . [and] justify the conclusion that such injury was the natural and probable result thereof. . . . In other words, even if the injury would not have happened but for the defendant's conduct, the connection between the defendant and the plaintiff's injuries simply may be too attenuated to constitute legal cause."[53] Even if a driver slams into the back of a car and a witness testifies as to the circumstantial evidence, the evidence will be insufficient if it only creates a suspicion of the driver's negligence.[54] Accordingly, Plaintiff's argument that "[t]here is no evidence of any other

---

[47] *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).
[48] *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.).
[49] Dkt. No. 31 at 4, ¶ 16 (quoting TEX. TRANSP. CODE ANN. § 545.351 (West 2020)).
[50] *Gould v. Wood*, No. 3:18-CV-786-K-BN, 2019 WL 1930053, at *6, 2019 U.S. Dist. LEXIS 72571, at *14 (N.D. Tex. Apr. 4, 2019) (citing *Borden, Inc. v. Price*, 939 S.W.2d 247, 249 (Tex. App.—Amarillo 1997, writ denied)).
[51] *Ciguero*, 455 S.W.3d at 747.
[52] *Montes v. Pendergrass*, 61 S.W.3d 505, 510 (Tex. App.—San Antonio 2001, no pet.).
[53] *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (second alteration in original) (quotation omitted).
[54] *See Vicknair v. Peters*, No. 12-13-00034-CV, 2014 WL 357082, at *4 (Tex. App.—Tyler Jan. 31, 2014, no pet.).

cause of the collision than Oscar Escobedo, II's negligence" is impermissibly conclusory and does not serve to establish the requisite negligence.[55]

As for evidence, Plaintiff attached a verified copy of the relevant "Texas Peace Officer's Crash Report" that is required by law to be filed with the Texas Department of Transportation.[56] The crash report contains the "Investigator's Narrative Opinion of What Happened:"

> At location I made contact with the driver of unit #2 [Plaintiff Oma Lee Espinoza]. She stated that she was traveling N/B at the 100 blk of S. McColl on the inside lane. She stated that she had a solid green light and was going to proceed forward when a tractor trailer turned left in front of her unit causing her to make a complete stop. The driver of unit #2 stated that she then felt a tap from behind. Driver of unit #1 [Oscar Escobedo II] stated that he was traveling directly behind unit #2. He stated that he saw the green light and was moving forward when he noticed unit #2 stop suddenly. Driver of unit #1 stated that he then applied his brakes but that his unit did not stop in time striking unit #2's BD with it's FD. Unit #1 failed to control speed striking unit #2's BD with it's FD.[57]

Plaintiff also emphasizes that, according to the investigator, Oscar Escobedo, II struck Plaintiff's vehicle because of the Mr. Escobedo's "Fail[ure] to Control Speed," which was the only contributing factor to the crash.[58]

However, there are two problems with this evidence. The first is that, as Plaintiff points out, some statements described in the investigator's report are inadmissible hearsay.[59] Witness statements "offered to prove the truth of the matter asserted, are 'hearsay within hearsay' and inadmissible unless each level of hearsay qualifies under one of the hearsay exceptions."[60] Oscar Escobedo, II's statements described in the investigator's report are inadmissible hearsay.[61] Nevertheless, Plaintiff's statements recorded in the investigator's report are not hearsay and are

---

[55] Dkt. No. 35 at 6–7, ¶ 19.
[56] Dkt. No. 31-1 at 3 (a verification from a director in the "Traffic Operations Division" as to the authenticity of the crash report).
[57] *Id.* at 2.
[58] Dkt. No. 35 at 5, ¶ 12 (citing Dkt. No. 31-1 at 2 & Dkt. No. 35-3 at 2, § 36).
[59] Dkt. No. 35 at 2, ¶ 6.
[60] *Reliastar Life Ins. Co. v. Thompson*, No. CIV. M-07-140, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008) (Crane, J.) (citing FED. R. EVID. 805; *United States v. Dotson*, 821 F.2d 1034, 1035 (5th Cir.1987) & *Jacobs v. City of Port Neches*, 7 F. Supp. 2d 829, 835 (E.D. Tex. 1998)), *quoted in Bedford Internet Office Space, LLC v. Travelers Cas. Ins. Co.*, 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014).
[61] *See* FED. R. EVID. 801(c).

admissible.[62] The second issue is that, "an investigatory report's conclusions are not binding on the fact finder and may be disregarded."[63] Although the investigator concluded that Oscar Escobedo, II failed to control his speed and consequently struck Plaintiff's vehicle, the investigator's opinion is not conclusive with respect to whether Oscar Escobedo, II was legally negligent, failed in the exercise of ordinary care, or was the proximate cause of Plaintiff's injuries.

What is left of the investigator report, then, are Plaintiff's statements and the investigator's assessment that Oscar Escobedo, II crashed into the back of Plaintiff's vehicle because he failed to control his speed. However, Defendant has pointed to numerous inconsistencies when this evidence is compared to Plaintiff's deposition.[64] According to the investigator's report, Plaintiff had a green light and started forward "when a tractor trailer turned left in front of her unit causing her to make a complete stop."[65] She was then rear-ended.[66] Plaintiff's testimony tells a completely different story: "I was at a stop for about two minutes when the train was traveling, and then he [Oscar Escobedo, II] just rear ended me very hard."[67] As Defendant points out, "Plaintiff did not mention the solid green light or the tractor-trailer referenced in the police report."[68]

The Court therefore holds that there is a genuine issue of material fact as to how long Plaintiff was stopped and what the circumstances of the crash were. The Court holds that Plaintiff has not met her burden to demonstrate the absence of any genuine dispute of material fact and that she is entitled to judgment as a matter of law. Given the conflicting evidence, whether Oscar Escobedo, II failed to exercise ordinary care in the circumstances immediately preceding the crash is materially in dispute and the Court resolves the conflicting evidence in

---

[62] *See* FED. R. EVID. 801(d), 803(8).
[63] *Reliastar Life Ins. Co.*, 2008 WL 4327259, at *4 (citing *Mac Towing Inc. v. Am. Commercial Lines*, 670 F.2d 543, 547 (5th Cir. 1982)).
[64] *See* Dkt. No. 34 at 6, ¶ 10.
[65] Dkt. No. 31-1 at 2.
[66] *Id.*
[67] Dkt. No. 34-1 at 6, 93:13–15.
[68] Dkt. No. 34 at 7, ¶ 12.

favor of Defendant.[69] The Court also holds that Plaintiff has not established by competent summary judgment evidence that Oscar Escobedo, II's actions were the proximate cause of Plaintiff's injury and that the collision could have been avoided but for his failure.[70] Even if Plaintiff had met her burden on this issue, the Court would still decline to award summary judgment because Defendant has raised a genuine issue of material fact to controvert the claim that Oscar Escobedo, II's negligence was the proximate cause of the accident. Defendant has pointed to specific evidence, the investigator's assessment that Plaintiff stopped suddenly, and articulated that the evidence could support Defendant's defense[71] that "[a]n ordinary person would likely not have been expecting a person to stop suddenly and unexpectedly" at a green light.[72] The Court agrees with Defendant that this raises a question of proximate cause.[73] These are genuine disputes of material fact for which a reasonable jury could find for either party, depending on the jury's resolution of conflicting evidence.[74]

### III. Conclusion and Holding

For the foregoing reasons, the Court holds that Plaintiff has not met her burden to establish entitlement to summary judgment and, even if she had, Defendant has met its burden to articulate a genuine dispute of material fact. Accordingly, the Court **DENIES** Plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 26th day of August 2020.

_____
Micaela Alvarez
United States District Judge

---

[69] *See supra* notes 29–30.
[70] *See supra* notes 50–54.
[71] *See supra* note 20.
[72] Dkt. No. 34 at 5, ¶ 8.
[73] *See supra* notes 47, 52–53.
[74] *See supra* note 24.